UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KEVAN A. GRIFFITH | CIVIL ACTION NO. 6:20-cv-01325 |
| VERSUS | JUDGE SUMMERHAYS |
| PROGRESSIVE SECURITY INSURANCE COMPANY, ET AL. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Pending before the court is the motion to remand, which was filed by the plaintiff, Kevan A. Griffith. (Rec. Doc. 6). The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be denied.

### Background

This lawsuit began in the 13th Judicial District Court, Evangeline Parish, Louisiana. According to his petition for damages, the plaintiff, Kevan A. Griffith, was involved in a motor vehicle accident in St. Mary Parish, Louisiana, in April 2019. He alleged that the accident was the fault of defendant Alice M. Faust and caused him to sustain property damage and physical injury to his person. He sued Ms. Faust and her insurer, Progressive Security Insurance Company. He also sued

defendant Protective Insurance Company, which allegedly provides him with uninsured/underinsured motorist insurance coverage. Shortly after the suit was filed, the plaintiff settled his claims against Ms. Faust and Progressive.[1]

Protective removed the action to this forum, alleging that the court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds the statutory minimum and the parties are diverse in citizenship when the citizenship of Ms. Faust and that of Progressive is disregarded because of their settlement with the plaintiff. The plaintiff responded with the instant motion to remand, arguing that the court lacks subject-matter jurisdiction because Ms. Faust and Progressive are not diverse in citizenship from the plaintiff and have not yet been dismissed from the lawsuit.

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[2] Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[3] A federal court has "diversity jurisdiction" when the amount-in-

---

[1] Rec. Doc. 1-6.

[2] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)).

[3] 28 U.S.C. § 1447(c).

controversy exceeds $75,000 exclusive of interest and costs, and the citizenship of the plaintiff is diverse from that of all of the defendants.[4] A removing party bears the burden of establishing diversity jurisdiction.[5] "Any ambiguities are construed against removal and in favor of remand to state court."[6]

### A. The Amount in Controversy

The plaintiff does not dispute Protective's allegation that the amount-in-controversy requirement is satisfied in this case. The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith.[7] To justify remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[8] When the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.[9]

---

[4] See 28 U.S.C. § 1332(a).

[5] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[6] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d at 397; *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723; *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

[7] *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[8] *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. at 289.

[9] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount.[10] "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]."[11] Thus, the court must examine the complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy.[12]

In this case, the amount in controversy was not apparent on the face of the plaintiff's petition. As required by Louisiana law, Mr. Griffith did not demand a specific amount of damages in his petition.[13] However, he did allege that he had sustained "injuries to his neck, back, legs and various parts of his body, causing him

---

[10] *Luckett v. Delta Airlines, Inc.*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[11] *De Aguilar v. Boeing*, 47 F.3d 1404, 1412 (5th Cir. 1995) (emphasis in original).

[12] *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[13] Louisiana Code of Civil Procedure Article 893 ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.").

4

extreme physical pain, discomfort and disability. . . ."[14] He further alleged that he was still undergoing medical treatment and had restrictions and limitations on his activities.[15] He sought to recover damages for past, present, and future medical expenses; past, present, and future pain and suffering; loss of enjoyment of life; lost wages; and lost earning capacity.[16] Despite these allegations, the petition contained no information on which the amount in controversy could be estimated. Therefore, the amount in controversy was not apparent on the face of the petition when it was filed in April 2020.

When the plaintiff filed an amended petition in August 2020, however, he alleged that his damages exceeded $50,000.[17] Additionally, Protective explained in its removal notice that Mr. Griffith responded to written discovery in September 2020, indicating that Dr. Louis Blanda had recommended that he undergo back surgery and also indicating that he had incurred a past wage loss of approximately $54,000 because of the accident.[18]

---

[14]     Rec. Doc. 1-4 at 5.

[15]     Rec. Doc. 1-4 at 5.

[16]     Rec. Doc. 1-4 at 5.

[17]     Rec. Doc. 1-5.

[18]     Rec. Doc. 1 at 6; Rec. Doc. 1-8 at 3 (regarding lost wages); Rec. Doc. 1-7 at 4 (Interrogatory No. 6, asking whether surgery had been recommended); Rec. Doc. 1-8 at 1 (response to Interrogatory No. 6).

Due to the nature of Mr. Griffith's alleged injuries, the type of medical treatment that was recommended by his treating physician, the estimated value of the wage loss claimed to be attributable to his injuries, the amendment to the petition, and the plaintiff's failure to object to Protective's analysis of the amount in controversy, this Court finds that Protective has satisfied its burden of establishing that the amount in controversy exceeds the jurisdictional threshold.

**B.     Diversity of Citizenship**

The general rule is that federal court subject-matter jurisdiction requires complete diversity of citizenship between the plaintiff and the defendants both at the time an action is originally filed and also at the time of removal.[19] In the petition, Mr. Griffith alleged that he is domiciled in Louisiana, that Ms. Faust is domiciled in Louisiana, that Progressive is a domestic (e.g. Louisiana) insurer, and that Protective is a foreign insurer.[20] The citizenship of a natural person is determined by his state of domicile;[21] therefore, the plaintiff alleged that both he and Ms. Faust are Louisiana citizens. Accordingly, there was no complete diversity of citizenship at the time the suit was filed, precluding removal.

---

19      *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

20      Rec. Doc. 1-4 at 3.

21      *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

It appears that both Progressive and Protective are corporations. A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business,[22] but the plaintiff did not allege either of those facts for Progressive or Protective. When jurisdiction is based on diversity, the party invoking the court's jurisdiction must allege each party's citizenship distinctly and affirmatively.[23] In its removal notice, Protective alleged that it was incorporated under the laws of Indiana and has its principal place of business in Indiana.[24] Thus, Protective was diverse in citizenship from the plaintiff at the time the suit was filed and also at the time of removal. Protective did not provide the state of incorporation or principal place of business for Progressive, but argued that the citizenship of both Progressive and Ms. Faust should be disregarded because they were improperly joined in the lawsuit due to their settlement with the plaintiff. Neither Progressive nor Ms. Faust has made an appearance in the suit. If Protective is correct that the citizenship of Ms. Faust and Progressive can be disregarded, then the parties are diverse in citizenship.

---

[22]    28 U.S.C. § 1332(c)(1).

[23]    *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988); *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975).

[24]    Rec. Doc. 1 at 3.

## C. Is this Action Removable?

It is undisputed that this action was not removable when it was filed because the defendants named in the plaintiffs' petition were not completely diverse in citizenship from the plaintiff. Protective contended in its removal notice, however, that its removal of this action was both appropriate and timely because the citizenship of Ms. Faust and Progressive need not be considered and because the plaintiff's discovery responses constituted "other paper"[25] establishing that the amount in controversy exceeded the statutory minimum and triggered the removability of the action.

While the general rule is that complete diversity must exist both at the time the action is originally filed and also at the time of removal,[26] an exception applies when a plaintiff voluntarily dismisses a nondiverse defendant. Under this judicially-created exception known as the "voluntary-involuntary rule," an action that was not removable when initiated can subsequently become removable pursuant to a voluntary act of the plaintiff.[27] Under this rule, if a nondiverse defendant is dismissed as a result of either the defendant or the court acting against the wishes of

---

[25]   28 U.S.C. § 1446(b)(3).

[26]   *Coury v. Prot*, 85 F.3d at 249.

[27]   *Hoyt v. Lane Construction Co.*, 927 F.3d 287, 295 (5th Cir. 2019); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967).

the plaintiff, the case cannot be removed, but "[w]here plaintiff by his voluntary act has definitely indicated his intention to discontinue the action as to all non-diverse defendants, the case then becomes removable."[28] When the rule is applied, diversity of citizenship is evaluated as of the date of removal rather than the date on which the complaint was filed.[29]

In its removal notice, Protective asserted that its removal of this action was timely. The plaintiff did not contest that assertion. When a case is not removable when filed, but a defendant receives an "other paper" establishing that the case has become removable, the defendant may remove the case within thirty days;[30] however, a diversity case generally cannot be removed more than one year after it was originally filed.[31] In September 2020, Protective received discovery responses indicating that the amount in controversy exceeded $75,000. Additionally, before the case was removed, Protective learned that the plaintiff's claims against Ms. Faust

---

[28] *Aydell v. Sterns*, 677 F.Supp. 877, 880 (M.D. La. 1988).

[29] *Weems v. Louis Dreyfus Corp.*, 380 F.2d at 548; *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."); *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 692 (5th Cir. 1995) (quoting *American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 316(1915)) ("The question is simply whether, at the time of removal, the plaintiffs effectively 'ha[d] taken the resident defendant out of the case, so as to leave a controversy wholly between the plaintiff[s] and the nonresident defendant.'").

[30] 28 U.S.C. § 1446(b)(3).

[31] 28 U.S.C. § 1446(c)(1).

and Progressive had been compromised, eliminating the plaintiff's claims against the nondiverse defendants.[32] "[A] case may be removed based on any voluntary act of the plaintiff that effectively eliminates the nondiverse defendant from the case."[33] Under Louisiana law, an enforceable settlement agreement requires a writing in which "the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."[34] Louisiana courts have interpreted the relevant statutes as requiring "(1) mutual intention of preventing or putting an end to litigation, and (2) reciprocal concessions of the parties to adjust their differences."[35] Enforceable settlement agreements must also be signed by the parties or their agents.[36]

The "Full Release of All Claims with Indemnity" that was submitted in this case was signed by the plaintiff and clearly indicates his intention to voluntarily compromise his claims against Ms. Faust and Progressive in exchange for a cash payment, apparently satisfying the requirements for an enforceable settlement. The plaintiff did not suggest in his briefing that the settlement agreement is not

---

[32] In May 2020, the plaintiff executed a full release of his claims against Ms. Faust and Progressive. (Rec. Doc. 1-6).

[33] *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d at 693.

[34] Louisiana Civil Code Articles 3071, 3072.

[35] *Trahan v. Coca Cola Bottling Co.*, 04–0100 (La. 03/02/05), 894 So.2d 1096.

[36] *Sullivan v. Sullivan*, 671 So.2d 315, 318 (La.1996).

enforceable. Instead, the plaintiff argued that the lack of a formal dismissal of his claims against the nondiverse, settling defendants precludes removal. But a plaintiff's settlement with a nondiverse defendant – regardless of whether that defendant has been formally dismissed from the lawsuit – is a voluntary act of the plaintiff that makes an action removable when the claims asserted against all nondiverse defendants have been resolved.[37] This is so because defendants who have settled are nominal parties who are "no longer effectively a party to the case."[38] Accordingly, the citizenship of the defendants with whom the plaintiff settled need not be considered when evaluating diversity.

    The plaintiff's discovery responses made it clear that the amount in controversy exceeds the statutory minimum. The plaintiff's settlement with the nondiverse defendants triggered the voluntary-involuntary rule, and at the time of removal the parties remaining in the suit were diverse in citizenship. Therefore, at the time of removal, the suit was removable.

---

[37] See, e.g., *Hargrove v. Bridgestone/Firestone North American Tire, LLC*, No. 10-CV-0318, 2012 WL 692410, *4 (W.D. La. Mar. 2, 2012); *Drawhorn-Davis v. State Farm Mutual Automobile Insurance Company*, No. 19-496, 2020 WL 1430489, *6-7 (M.D. La. Mar. 9, 2020).

[38] *Taco Tico of New Orleans, Inc. v. Argonaut Great Central Ins. Co.*, No. 09-3502, 2009 WL 2160436, at *2 (E.D. La. July 16, 2009) (citing *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 910 (5th Cir. 2000)).

## Conclusion

For the foregoing reasons, it is recommended that the plaintiff's motion to remand (Rec. Doc. 6) should be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[39]

Signed at Lafayette, Louisiana, this 7th day of January 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[39] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).